IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas Murray, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1213 C.D. 2021 |
| | : | Submitted: September 30, 2022 |
| Lycoming Supply, Inc. | : | |
| (Workers' Compensation | : | |
| Appeal Board), | : | |
| Respondent | : | |

BEFORE: HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED: December 9, 2022

Thomas Murray (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision and order of the Workers' Compensation Judge (WCJ) granting Claimant's Petition to Reinstate Compensation Benefits (Reinstatement Petition) and Lycoming Supply, Inc.'s (Employer) Petition to Modify Compensation Benefits (Petition to Modify). On appeal, Claimant argues the WCJ and Board erred by reinstating his wage loss benefits on the date he filed his Reinstatement Petition rather than the date of his Independent Rating Evaluation (IRE). After review, we affirm.

## I. Background and Procedural History

The facts underlying this matter are not in dispute. On June 26, 2008, Claimant was working as a demolition laborer for Employer and suffered a low back injury. Reproduced Record (R.R.) at 12. Claimant underwent two back surgeries, but he continued to suffer a disability and was unable to perform his pre-injury job. *Id*. at 13.

Claimant began receiving temporary total disability (TTD) shortly after his injury. On August 4, 2010, after receiving TTD benefits for 104 weeks, pursuant to Section 306(a.3)(1) of the Workers' Compensation Act (Act),[1] 77 P.S. § 511.3(1), Claimant underwent an IRE. R.R at 12. Dr. William Prebola performed this IRE of Claimant under former Section 306(a.2) of the Act and found Claimant had a Percentage of Impairment Rating (Impairment Rating) of 13%.[2] *Id*. As his Impairment Rating was under 50%, the Bureau of Workers' Compensation issued a Notice of Change of Workers' Disability Status from TTD to temporary partial disability (TPD) on August 13, 2010. *Id*. Claimant did not appeal.

Claimant then began receiving TPD, which is a benefit limited to 500 weeks under Section 306(a.3)(7) of the Act. 77 P.S. § 511.3(7). In January 2020, Claimant received his final payment of TPD and on February 26, 2020, Claimant filed a Reinstatement Petition. *Id*. He argued the 2010 IRE that reduced his benefit status

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

[2] Under former Section 306(a.2)(2) of the Act, a claimant with an Impairment Rating greater than 50% was presumed to be totally disabled, whereas a claimant with an Impairment Rating under 50% was presumed to be partially disabled. *formerly* 77 P.S. § 511.2.

from total to partial was invalidated by *Protz II*[3] and alleged he remains disabled. *Id*. at 2a. In support of his Reinstatement Petition, Claimant offered a report of Dr. Allister R. Williams, who performed an independent medical examination (IME) of Claimant on August 6, 2020. *Id*. at 13. In Dr. Williams's opinion, Claimant had reached maximum medical improvement and "continue[d] to suffer residual disability as a result of his work injury." *Id*.

Pursuant to Section 306(a.3) of the Act, on February 17, 2020, Claimant underwent another IRE performed by Dr. Michael D. Wolk. *Id*. at 14. Relying on the IRE results, Employer filed a Petition to Modify Compensation Benefits (Petition to Modify) seeking to modify Claimant's benefit status from TTD to TPD. *Id*. at 12. Employer offered, by deposition, the testimony of Dr. Wolk, who opined Claimant had an Impairment Rating of 11%.[4] *Id*. The WCJ accepted the opinion of Dr. Williams that Claimant was "at maximum medical improvement and remain[ed] disabled as a result of his work injury." *Id*. at 14. The WCJ found the opinions of both Dr. Williams and Dr. Prebola "credible, logical, internally consistent, and persuasive." *Id*. at 13-14. The WCJ found Claimant met his burden of proving his benefits should be reinstated. *Id*.

---

[3] In September 2015, this Court issued its decision *in Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I), affirmed in part and reversed in part*, 161 A.3d 827 (Pa. 2017) (*Protz II*). In *Protz I*, we held Section 306(a.2) of the Act was an unconstitutional delegation of legislative authority because it proactively approved new versions of the American Medical Association (AMA) Guides without legislative review. This Court remanded the matter to the Board with instruction that an IRE must follow the AMA Guides in effect at the time of former Section 306(a.2)'s enactment. Both parties appealed to our Supreme Court. On June 20, 2017, the Pennsylvania Supreme Court decided *Protz II*, declaring Section 306(a.2) of the Act unconstitutional and striking it from the Act. In response to the *Protz II* decision and to reestablish the IRE process, the General Assembly enacted Act 111, effective October 24, 2018, replacing former Section 306(a.2) of the Act, *formerly* 77 P.S. § 511.2, with Section 306(a.3), 77 P.S. § 511.3.

[4] Under Section 306(a.3) of the Act, a claimant with an Impairment Rating of 35% or greater is presumed to be totally disabled, whereas a claimant with an Impairment Rating of under 35% is presumed to be partially disabled. 77 P.S. § 511.3(2).

The WCJ granted Claimant's Reinstatement Petition arising from the August 4, 2010 IRE effective February 26, 2020 (the date of filing). The WCJ also granted Employer's Petition to Modify as of February 17, 2020 (the date of Dr. Wolk's IRE). The Board affirmed the WCJ's decision granting Claimant's Reinstatement Petition and Employer's Petition to Modify on October 20, 2021. Claimant appealed.

## II. Discussion

On appeal, Claimant argues the WCJ and Board committed an error of law by reinstating his benefits as of the date he filed his Reinstatement Petition rather than the date of his 2010 IRE. Claimant asserts *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*) invalidated his 2010 IRE. Claimant did not, however, appeal the Board's decision to grant Employer's Petition to Modify.

In a workers' compensation appeal, we, like the Board, are "limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

To address Claimant's argument, we look to *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599, 602 (Pa. Cmwlth. 2018). In *Whitfield*, a WCJ reduced the claimant's wage loss benefits from total to partial following an IRE presenting an Impairment Rating of 44%. After receiving her last payment of TPD benefits, the claimant sought reinstatement of TTD benefits based on *Protz I*, but the WCJ and the Board denied her request. The claimant petitioned for review.

4

On appeal, we held when claimants seeking reinstatement of total disability benefits pursuant to *Protz II* present credible evidence of disability, they are entitled to reinstatement as of the date when the petition is filed. We further explained: "[t]his decision does not alter [the c]laimant's past status. Rather, it gives effect to the [c]laimant's status as it existed *at the time she filed her reinstatement petition. . . .*" *Id.* at 617 (emphasis added).

This Court reaffirmed its *Whitfield* holding in *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020) (*en banc*). In *White*, the claimant sought reinstatement of her TTD status as of the date of her conversion from TTD to TPD based upon our Supreme Court's decision in *Protz II*. The claimant had not appealed the change in her disability status when it occurred, and she was not litigating the underlying IRE when we decided *Protz I* or when our Supreme Court decided *Protz II*. In *White*, this Court held if there is no direct appeal on the validity of an IRE, a claimant is "entitled to reinstatement *as of the date of her reinstatement petition*, not the effective date of the change in her disability status from total to partial." 237 A.3d at 1231 (emphasis added).

Therefore, bound by the holdings in *Whitfield* and *White*, we hold the WCJ and the Board did not err in reinstating Claimant's benefits as of the date he filed his Reinstatement Petition.

## III. Conclusion

Neither the WCJ nor the Board committed an error of law. The Board

5

properly affirmed the WCJ who reinstated Claimant's benefits as of the date he filed his Reinstatement Petition. Accordingly, we affirm the order of the Board.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Murray,                          :
                        Petitioner      :
                                        :
        v.                              :  No.  1213 C.D. 2021
                                        :
Lycoming Supply, Inc.                   :
(Workers' Compensation                  :
Appeal Board),                          :
                        Respondent      :

# **O R D E R**

     **AND NOW**, this 9th day of December 2022, the October 20, 2021 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
STACY WALLACE, Judge
